Kari A. Rudd (SBN 268288)
Juliana Fredman (SBN 282924)
Claire Johnson Raba (SBN 271691)
BAY AREA LEGAL AID
1035 Market St. 6th Floor
San Francisco, CA 94103
Phone: (415) 982.1300
Fax: (415) 982.4243
Email: krudd@baylegal.org

Attorneys for Plaintiff
CHERYL KETTELL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| CHERYL KETTELL,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>UNIVERSITY ACCOUNTING SERVICE, AND DOES 1-20 INCLUSIVE.<br><br>　　　　　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES; AND DEMAND FOR JURY TRIAL**<br><br>　1.　**Fair Debt Collection Practices Act** (15 U.S.C. § 1692 *et seq.*) |

Plaintiff, CHERYL KETTELL, based on information and belief and investigation of counsel, except for those allegations which pertain to Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This action concerns illegal debt collection practices related to a private student loan.

2. Defendant University Accounting Service ("UAS") threatened to send a private student loan originated by Stanford University to the State Franchise Tax Board ("FTB"), so that the FTB would offset Plaintiff's tax refunds and/or state lottery winnings. UAS then carried out its threat, sending the account to the FTB for collection, despite the fact that it was a private student loan and not a government-backed loan appropriate for collection via the FTB.

3. UAS violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), when it threated to take an illegal action, and then carried out that illegal action. As a result, Plaintiff has been deprived of her tax refund, and has suffered severe emotional distress. Plaintiff has also incurred monetary damages in responding to Defendant's illegal debt collection activity.

4. For its violation, Plaintiff asks the Court for actual damages, statutory damages, declaratory and injunctive relief, and reasonable attorney's fees and costs under the FDCPA.

## II. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331, as this action involves federal claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

## III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7. Pursuant to L.R. 3-2 (c) & (d), this lawsuit should be assigned to the San Francisco Division or Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

## V. PARTIES

8. Plaintiff is a natural person residing in Alameda County, California.

9. Plaintiff Cheryl Kettell is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) because she is a natural person allegedly obligated to pay a debt.

10. Defendant University Accounting Service, LLC ("UAS") is a Wisconsin company engaged in the business of purchasing and collecting consumer debts in California.

11. UAS regularly attempts to collect debts alleged to be due another. UAS is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

- 2 -
COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES;
AND DEMAND FOR JURY TRIAL

12. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-20, INCLUSIVE, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when they have been ascertained.

13. Plaintiff alleges on information and belief that at all times relevant hereto each of the defendants, including each DOE, was the agent, principle, servant, master, employee, employer, joint-venturer, partner, successor-in-interest, and/or co-conspirator of each other defendant and was at all said times acting in the full course and scope of said agency, service, employment, joint venture, concert of action, partnership, successorship, or conspiracy, and that each defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this complaint.

## VI. FACTUAL ALLEGATIONS

14. Plaintiff Cheryl Kettell ("Ms. Kettell") attended Stanford University from 1989 through 1996 and obtained student loans to finance her education. Some of these loans were federally-backed, including Perkins loans, subsidized Stafford loans, and "supplemental loans." In addition to these federal loans, Ms. Kettell also obtained two "institutional" loans from Stanford.

15. Ms. Kettell did not realize at the time that two of her loans were private institutional loans, and believed that all of her student loans would be eligible for consolidation through a federal consolidation loan. When she consolidated her loans in 2004 through an FFEL Consolidation loan, the institutional loans were excluded because they were not federal loans.

16. The 2004 consolidation loan paid off all of Ms. Kettell's Perkins loans, Stafford loans and federal "supplemental loans." Ms. Kettell's consolidation loan is in good standing. This is because student loan borrowers have a variety of options for repaying federal student loans, such as income-driven repayment options, which allow a borrower to remain current on his or her loans even in the event of a financial hardship.[1] Unfortunately, those options are not always available for borrowers with private loans.

---

[1] *See* Federal Student Aid website, at https://studentaid.ed.gov/sa/repay-loans/understand/plans/income-driven, accessed on Dec. 3, 2015.


17. Because of a financial hardship, Ms. Kettell could not afford the monthly payments due on her institutional loans. She attempted to negotiate an affordable repayment agreement and sent several partial payments. However, Stanford informed her that it would no longer agree to a payment plan and demanded that she pay the loans in full. This was simply not possible, given Ms. Kettell's financial circumstances. She continued to send small payments as she was financially able to do so. However, the loan remained in default and Stanford eventually assigned the account to UAS for collection.

18. Ms. Kettell received a letter dated October 10, 2014 from UAS stating that it was collecting a debt on behalf of Stanford University. The letter stated: "We are writing to notify you that your name will be submitted to the State of California Franchise Tax Board for an intercept of any money that is owed to you to pay your liability to Stanford University." The letter then stated: "You have 30 days from the date of this letter to pay voluntarily before we submit your name to the Franchise Tax Board for an intercept." The letter cited California Government code sections which permit the Franchise Tax Board to collect certain debts for colleges and universities. A true and correct copy of this letter is attached as Exhibit A.

19. At some time after sending this letter, UAS did carry out its threat. UAS sent the Stanford debt to the FTB for collection, to be offset against any money owed to Ms. Kettell, such as her tax return.

20. Ms. Kettell sought assistance from the office of Senator Barbara Boxer. Senator Boxer's office made an inquiry with the Office of Federal Student Aid, assuming that the loans were federal Perkins loans, which the FTB would be authorized to collect according to the California Government Code. However, this was not the case. Senator Boxer's office received a response from the Federal Student Aid office clarifying that the loans are "nonfederal institutional loans," and stating that the Department of Education had no jurisdiction over the loans and therefore could not assist Ms. Kettell. A copy of the letter from the Federal Student Aid office to Senator Boxer is attached as Exhibit B.

- 4 -
COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES;
AND DEMAND FOR JURY TRIAL

21. Ms. Kettell then sought legal assistance from Bay Area Legal Aid. Her attorney sent a letter on July 24, 2015 to UAS explaining that the Stanford loans are non-federal "institutional loans" and demanding that UAS cease its threats to collect the debt through the FTB.

22. UAS finally provided a substantive response on September 16, 2014, stating that it had recalled the account from the FTB.

23. However, when Ms. Kettell contacted the FTB on September 16, 2015 to confirm this, she learned that there was still an active offset request on her account, related to the Stanford debt. Plaintiff's counsel contacted the FTB again on September 30, 2015 and learned that the Stanford account was still appearing as an offset request. Plaintiff's attorney sent a letter to the FTB explaining that the account was a non-federal, institutional loan and not appropriate for offset.

24. On October 9, 2015, the parties agreed in a signed writing to toll for 60 days any applicable statute of limitations for Ms. Kettell's claims arising under the Fair Debt Collection Practices Act (to the extent that such claims had not expired prior to October 1, 2015).

25. On November 4, 2015 Plaintiff's attorney contacted the FTB and learned that the Stanford account was still appearing in their system as an offset request, with account number 0360000837573. This matches the account number listed on October 10, 2014 letter. FTB representatives informed Plaintiff's attorney that the request could only be removed (and offset of Plaintiff's tax refund prevented) by UAS.

26. Ms. Kettell is entitled to a tax refund for her 2014 state taxes, but she has not filed her state tax return because she understands that if she does, the FTB will offset her refund. UAS's action of sending the Stanford account to the FTB for collection has therefore deprived Ms. Kettell of her tax refund. UAS's actions have also caused severe emotional distress to Plaintiff since she received the October 10, 2014 letter. Ms. Kettell has also incurred out-of-pocket expenses in attempting to respond to UAS's illegal debt collection actions, including but not limited charges related to mailing, faxing or scanning documents, and travel expenses to meet with her attorney.

//

- 5 -
COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES;
AND DEMAND FOR JURY TRIAL

## VII.  CLAIMS

### COUNT I:
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

27. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

28. Plaintiff brings this claim for relief against Defendant UAS under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

29. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) because she is a natural person allegedly obligated to pay a debt.

30. Defendant UAS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) because it regularly attempts to collect debts allegedly due to another.

31. The financial obligation owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) because it was incurred primarily for personal, family or household purposes.

32. The FDCPA states that a debt collector may not misrepresents "the character, amount, or legal status" of a debt. 15 U.S.C. § 1692(e)(2)(A). UAS violated this provision when it represented in its October 10, 2014 letter that the Stanford debt could be assigned to the FTB for collection according to the California Government Code.

33. The Government Code authorizes the FTB to offset debts related to "federally subsidized student loans." Cal. Govt. Code § 12419.9(a). This would include federal Perkins loans that a student owes directly to an educational institution. However, this does not include private institutional loans, such as the Stanford debt at issue in this case.

34. The FDCPA also states that a debt collector may not represent that nonpayment would result in "seizure, garnishment, attachment or sale of any property" of a borrower when such action is not lawful. 15 U.S.C. § 1692(e)(4). UAS violated this provision with its October 10, 2014 letter, which stated that the FTB would intercept any tax refund or lottery prize that the state owed to Plaintiff.

35. The October 10, 2014 letter also included threats "to take an action that cannot legally be taken" in violation of Section 1692(e)(5) as well as "[t]he use of any false representation or

deceptive means" in violation of Section 1692e(10).

36. At some time after sending the October 10, 2014 letter, UAS then assigned the Stanford debt to the FTB, despite the fact that it was not a federally subsidized loan for which offset would be permissible. This was an unfair practice in violation of 15 U.S.C. Section 1692f.

37. These violations were intentional.

38. UAS failed to maintain reasonable procedures to prevent these violations. To the extent that UAS had procedures, those procedures were not reasonably adapted to avoid the violations that occurred in this case.

39. As a result of UAS's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

40. This action is timely, as the parties agreed to toll the one-year statute of limitations period under 15 U.S.C. Section 1692k(d) for 60 days. Plaintiff's statute of limitations was not set to run until October 10, 2015. Therefore it is covered by the parties' tolling agreement, and tolled until December 9, 2015.

## VIII.  REQUEST FOR RELIEF

41. Plaintiff requests that this Court:

a. Declare that UAS violated the Fair Debt Collection Practices Act;

b. Declare that the Stanford debt is not a debt that may be collected through the FTB;

c. Enjoin any further attempts to collect the Stanford debt through the FTB;

d. Award Plaintiff actual damages in an amount to be determined at trial;

e. Award Plaintiff statutory damages pursuant to 15 U.S.C. Section 1692k(a)(2)(A);

f. Award Plaintiff the costs of this action and reasonable attorney's fees from all Defendants; and

g. Award Plaintiff such other and further relief as the Court deems just and proper.

//

//

Dated:  December 9, 2015                    Respectfully Submitted,

                BAY AREA LEGAL AID

                /s/ Kari A. Rudd
                Kari A. Rudd
                Attorney for Plaintiff
                CHERYL KETTELL

## **DEMAND FOR JURY TRIAL**

   PLEASE TAKE NOTICE that Plaintiff, CHERYL KETTELL, hereby respectfully requests a trial by jury on all appropriate issues raised in this complaint.

                BAY AREA LEGAL AID

                /s/ Kari A. Rudd
                Kari Rudd
                Attorney for Plaintiff
                CHERYL KETTELL

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES;
AND DEMAND FOR JURY TRIAL

# EXHIBIT A

 UNIVERSITY ACCOUNTING SERVICE
100 S OWASSO BLVD W
SAINT PAUL, MN 55117

 10/10/2014



CHERYL R KETTELL
1812 SAN JOSE AVE #C
ALAMEDA, CA 94501

RE ACCOUNT: 360000837573

Dear CHERYL R KETTELL,

We are writing to notify you that your name will be submitted to the State of California Franchise Tax Board for an intercept of any money that is owed to you to pay your liability to Stanford University. In the event you are owed a tax refund or you win a California Lottery prize, the Franchise Tax Board will intercept from that money the amount you owe this institution.

California Government Code sections 12419.5, 12419.7, 12419.9, 12419.10 and 12419.11 authorize the Office of the State Controller to collect money owed to a state agency or an educational institution by intercepting any money that the state owes the debtor. An amount owed to the debtor by the state includes a refund of taxes or state lottery winnings.

Our records show that as of 9/30/2013 the total amount now due and payable to Stanford University for this liability is $19813.22. You have 30 days from the date of this letter to pay voluntarily before we submit your name to the Franchise Tax Board for an intercept. If you have any questions about the nature of this liability or if you object to this action, please contact University Accounting Service LLC within 30 days of this letter. A representative will review your case upon receipt of your objections. If you submit no objections or if we consider the objections to be insufficient, we will proceed with this action.

Sincerely,

University Accounting Service, LLC on behalf of Stanford University
PO Box 932
Brookfield WI 53008

## ACCOUNT INFORMATION

Borrower Name: CHERYL R KETTELL
Date Generated: 10/10/2014
Account Number: 360000837573

University Accounting Service, LLC
PO Box 918
Brookfield, WI 53008-0918
800-723-2210
uasloanservice@ncogroup.com
https://loanservice.uasecho.com

Document ID: 310245670046

# EXHIBIT B



ATTN.: Ms. Madeline Peare  
The Honorable Barbara Boxer  
U.S. Senator  
70 Washington St., Suite 203  
Oakland, CA 94607

APR 2 2 2015

Dear Sen. Boxer:

Thank you for your inquiry on behalf of Ms. Cheryl Kettell about her student loans with Stanford University that are serviced by University Accounting Services (UAS). Ms. Kettell indicates that the offset of her state income tax refund will cause her financial hardship. She is also concerned about late fees on the account and asks that she be allowed to consolidate the loans.

A member of my staff contacted UAS and spoke with a customer service representative, who stated that UAS is servicing two nonfederal institutional loans that Ms. Kettell obtained to attend Stanford University. These are not Federal Perkins Loans as indicated in your inquiry.

Because the U.S. Department of Education (ED) has no jurisdiction over nonfederal loans, we cannot assist Ms. Kettell. (Nonfederal loans cannot be consolidated under ED's loan programs.)

However, the Consumer Financial Protection Bureau (CFPB) accepts complaints from borrowers having difficulties with their nonfederal student loans. CFPB will assist a borrower experiencing problems obtaining a private student loan, repaying a private student loan, or managing a student loan that has gone into default and may have been referred to a debt collector.

To find out more information about CFPB's new private student loan consumer response function and to file a private student loan complaint, Ms. Kettell should contact CFPB at

Consumer Financial Protection Bureau  
P.O. Box 4503  
Iowa City, IA 52244

1-855-411-CFPB (1-855-411-2372)

Website: www.consumerfinance.gov



830 First St. N.E., Washington, DC 20202